**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

REX WARREN,

                  Plaintiff,

  v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

              Defendant.

3:16-cv-00462-RCJ-VPC

**REPORT AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE**

      This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for reversal and/or remand (ECF No. 13), defendant's cross-motion to affirm (ECF Nos. 14, 15), and plaintiff's reply (ECF No. 16). For the reasons set forth herein, the court recommends that plaintiff's motion be denied, and defendant's cross-motion be granted.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

      On August 31, 2010, Rex Warren ("plaintiff") protectively filed for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, alleging a disability onset date of January 1, 2009. (Administrative Record ("AR") 23, 133–36.) The Social Security Administration denied plaintiff's application in the first instance on February 3, 2011, and upon reconsideration on January 26, 2012. (*Id.* at 83–87, 94–97.)

      On October 10, 2012, plaintiff and his attorney appeared for a video hearing before Administrative Law Judge ("ALJ") Lisa D. Thompson. (*Id.* at 39–72.) Carly Coughlin, a vocational expert ("VE"), also appeared at the hearing. (*Id.*) The ALJ issued a written decision on October 24, 2012, finding that plaintiff had not been disabled at any time between the alleged onset date and the date of the decision. (*Id.* at 23–34.) Plaintiff appealed, and the Appeals Council denied review on January 14, 2014. (*Id.* at 11–15.) Accordingly, the ALJ's decision

became the final decision of the Commissioner ("defendant"). Having exhausted all administrative remedies, plaintiff filed a complaint for judicial review on August 3, 2016. (ECF No. 1.)

## II. STANDARD OF REVIEW

The initial burden of proof to establish disability in a claim for SSDI benefits rests upon the claimant. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To satisfy this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . .." 42 U.S.C. § 423(d)(1)(A).

This court has jurisdiction to review an ALJ's decision to deny a claim for benefits after the claimant has exhausted all administrative remedies. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161–62 (9th Cir. 2012). The court must affirm the ALJ's decision unless it rests on legal error or is unsupported by substantial evidence in the administrative record. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The substantial evidence standard is not onerous. It is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotation omitted).

Although the ALJ need not discuss every piece of evidence in the record, she cannot ignore or omit evidence that is significant or probative. *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012). The ALJ's discussion must adequately explain the decision in light of such evidence. "The ALJ, not the district court, is required to provide specific reasons for rejecting [the evidence.]" *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (specifically discussing rejection of lay testimony). The district court's review is thus constrained to the reasons asserted by the ALJ. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision; it "may not

affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation omitted). Where "the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (internal quotation omitted). The ALJ alone is responsible for determining credibility and resolving ambiguities. *Garrison*, 759 F.3d at 1010.

## III. DISCUSSION

### A. SSDI claims are evaluated under a five-step sequential process.

The Commissioner follows a five-step sequential process for determining whether a claimant is "disabled" for the purposes of SSDI. 20 C.F.R. § 404.1520(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one directs the ALJ to determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the Commissioner denies the claim. *Id.* § 404.1520(b).

The second step requires the ALJ to determine whether the claimant's medically determinable impairment is "severe." *Id.* § 404.1520(a)(4)(ii). "Severe" impairments are those that significantly limit the claimant's physical or mental ability to do basic work activities. *Id.* § 404.1520(c). The Commissioner will deny the claim if the claimant lacks a severe impairment or combination of impairments. *Id.*

At step three, the claimant's impairment is compared to those listed in the Social Security Regulations at 20 C.F.R. Pt. 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). The list in Appendix 1 "define[s] impairments that would prevent an adult, regardless of his [or her] age, education, or work experience, from performing *any* gainful activity, not just substantial gainful activity." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (internal quotation omitted) (emphasis in original). Where the claimant's impairment is on the list, or is equivalent to a listed impairment, and the claimant also meets the corresponding durational requirement, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). However, for an impairment to match a listing, "it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Zebley*, 493 U.S. at 530 (emphasis in original).

If the Commissioner does not find disability at step three, review of the claim proceeds to step four. There, the ALJ considers whether the claimant can perform past relevant work despite the severe impairment. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled. *Id*. § 404.1520(e). The ALJ will find that the claimant can return to past relevant work if he or she can perform the "actual functional demands and job duties of a particular past relevant job" or the "functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation omitted).

In making the step four determination, the ALJ considers the claimant's RFC and the physical and mental demands of the work previously performed. 20 C.F.R. § 404.1520(f); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). The RFC is the most the claimant can do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). To determine the claimant's RFC, the ALJ must assess all the evidence, including medical reports and descriptions by the claimant and others of the claimant's relevant limitations. *See id*. § 404.1545(a)(3). The ALJ is not, however, required to accept as true every allegation the claimant offers regarding his or her limitations. *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007). The ALJ must follow a two-prong inquiry where the claimant alleges subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007); *see also* SSR 96-7p, 61 Fed. Reg. 34483 (July 2, 1996). First, the ALJ determines "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 504 F.3d at 1036 (internal quotation omitted). Second, if the first prong is met and no evidence suggests that the claimant is a malingerer, the ALJ may reject the claimant's allegations only by articulating "clear and convincing" reasons for doing so. *Id*.

The "clear and convincing" standard is the most demanding standard in Social Security case law, *Garrison*, 759 F.3d at 1015, and it requires the ALJ to "specifically identify the testimony she or he finds not to be credible and [to] explain what evidence undermines the testimony," *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). The ALJ must therefore cite to the record and discuss specific evidence therein. *See Vasquez v. Astrue*, 572 F.3d 586,

591–92, 592 n.1 (9th Cir. 2008); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ may consider a variety of factors in weighing a claimant's credibility, including inconsistencies in a claimant's testimony, his or her reputation for truthfulness, an inadequately explained failure to seek treatment, or a lack of support from the medical evidence. 20 C.F.R. § 404.1529(c); *Orn*, 495 F.3d at 636. The focus, however, is ultimately upon the reviewing court. The credibility determination must be "'sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony.'" *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (quoting *Rollins v. Massanari*, 261 F.3d 853, 856–57 (9th Cir. 2001)).

If step four demonstrates that the claimant cannot do the work he or she did in the past, the burden shifts to the Commissioner to establish, in step five, that the claimant can perform jobs available in the national economy. 20 C.F.R. § 404.1560(c). There, the ALJ must consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007). The ALJ will typically reference "the grids," under which a finding of disability may be directed, and also consider the testimony of a VE. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). Where the grids do not direct a finding of disability, the ALJ must identify other jobs that the claimant can perform and which are available in significant numbers in the claimant's region or in several regions of the United States. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1560(c). If the ALJ establishes that the claimant's RFC and transferable skills allow him or her to perform other occupations, the claimant is not disabled. 20 C.F.R. § 404.1566. Conversely, if the ALJ concludes that the claimant cannot adjust to any other work, he or she is disabled and entitled to benefits. *Id.* § 404.1520(g).

**B.     The ALJ followed the five-step process and concluded that plaintiff was not disabled.**

In reviewing plaintiff's claims for benefits, the ALJ followed the five-step process described above. The ALJ first determined that plaintiff had not engaged in substantial gainful activity since the application date, August 31, 2010. (AR 25.) At step two, the ALJ found that plaintiff's polysubstance abuse, degenerative disc disease of the lumbar spine area, gout, history

of pancreatic disease, hypertension, and obesity were severe impairments that significantly limited his ability to perform basic-work related functions. (*Id.* at 25–28.) At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. (*Id.* at 28–29.)

The ALJ proceeded to step four and made several findings. To begin, the ALJ concluded that plaintiff had the RFC to perform a restricted range of light work. (*Id.* at 32.) Specifically, the ALJ found plaintiff had the RFC to lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk between two and three hours in an eight-hour workday, and sit up to six hours in an eight-hour workday. (*Id.* at 29.) The ALJ also found that he can never climb or crawl, can occasionally balance, stoop, kneel, and/or crouch, can occasionally reach with the bilateral upper extremities, must avoid moderate exposure to vibrations, and avoid all exposure to unprotected heights and hazardous machinery. (*Id.*) Next, the ALJ found that plaintiff's impairments could be expected to cause the symptoms alleged, but that his statements regarding the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (*Id.* at 29–32.) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and factors weighing against plaintiff's credibility. (*Id.*) Finally, the ALJ determined that plaintiff's RFC prevented him from returning to any of his past relevant work. (*Id.* at 32.)

Proceeding to step five, and relying on the testimony of the VE, the ALJ determined that plaintiff's age, education, work experience, and RFC would allow him to perform occupations existing in significant numbers in the national economy, such as: information clerk and hand packager. (*Id.* at 32–33.) Accordingly, the ALJ held that plaintiff was not disabled and denied his SSI claim. (*Id.* at 34.)

## C.    Substantial evidence supports the ALJ's step five analysis.

Plaintiff contends that the ALJ erred at step five. Specifically, that (1) the reaching restrictions found by the ALJ preclude plaintiff from performing the occupations listed at step five, and (2) the ALJ failed to provide an explanation as to why she applied a light grid rule instead of a sedentary grid rule. (ECF No. 13-1 at 3-7.)

### 1. Reaching Restriction

Plaintiff first argues that the ALJ's RFC finding that plaintiff can only "occasionally reach with the bilateral upper extremities" precludes plaintiff from performing the occupations outlined at step five. (*Id.* at 4.) Defendant maintains that the ALJ's RFC contained a harmless, typographical error, in that she neglected to include the word "overhead" in her decision, but all the evidence supports a finding that plaintiff was limited in overhead reaching. (ECF No. 14 at 4.)

It is clear based on the record as a whole, that the ALJ intended to include "overhead" reaching in plaintiff's RFC. First, two doctors, Dr. Steven E. Gerson, and Dr. George Nickles, examined plaintiff and found he had a limitation in terms of over-the-shoulder reaching. (AR 319, 343.) The ALJ noted in her decision that she afforded Dr. Gerson's opinion significant weight, and included every limitation Dr. Gerson noted in the RFC. (*Id.* at 32.) Next, the ALJ's hypothetical questions to the VE specifically asked about individuals "who could occasionally reach overhead." (*Id.* at 29, 65.) Accordingly, it is reasonable to assume that the ALJ intended to include "overhead" in the reaching limitation. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record); *see also Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (court may draw specific and legitimate inferences from ALJ's decision).

Further, plaintiff contends that the VE testified that the two occupations require an ability to perform frequent reaching (ECF No. 13-1 at 4), but this is a mischaracterization of the VE's testimony. While the VE did testify that the DOT classifies the positions as involving frequent reaching, she further stated that based on her expert opinion and observation of the positions, neither job required more than occasional overhead reaching. (*Id.* at 6; AR 66.)

Pursuant to Social Security Ruling ("SSR") 00-4p, an ALJ has an affirmative responsibility to ask a VE about "any possible conflict" between his or her testimony and the DOT. SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000). In *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007), the Ninth Circuit interpreted the rule to preclude an ALJ from relying on a VE's testimony without first asking whether a conflict existed. Further, where there is an

apparent conflict between the testimony and the DOT, the ALJ must obtain a reasonable explanation from the VE. *Id.* at 1153. An ALJ's failure to take either step is harmless only if a reviewing court concludes that no actual conflict exists, or if the VE's testimony included sufficient support to justify the conflict. *Id.* at 1154 n.19. The ALJ obtained a reasonable explanation of the apparent conflict from the VE and properly relied on the VE's testimony in determining that plaintiff could perform jobs available in the national economy.

### 2. Grid Framework

Plaintiff finally argues that the ALJ failed to provide an explanation as to why she applied a light grid rule instead of a sedentary grid rule. (ECF No. 13-1 at 4-7.) Specifically, plaintiff asserts that because his RFC fell between two grid rules that dictated opposite conclusions, the ALJ must decide which grid to apply and explain her basis for doing so. (*Id.* at 5.) Plaintiff further asserts that because the VE only identified two occupations that plaintiff could perform, the light, unskilled job base had been "significantly reduced;" therefore, the ALJ should have applied the sedentary grid rule to find plaintiff disabled. (*Id.* at 5-7.)

At step five, the burden shifts to the Commissioner to establish that the claimant can perform jobs available in the national economy. 20 C.F.R. § 404.1560(c). The ALJ must consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007). This burden can be satisfied through either testimony of a VE or by reference to the Grids. *Lockwood v. Comm'r Soc. Sec.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Grids are used to determine whether substantial gainful work exists for the plaintiff with respect to substantially uniform levels of impairment. *See Moore v. Apfel,* 216 F.3d 864, 869 (9th Cir. 2000). When a plaintiff's exertional limitation falls between two grid rules, the ALJ fulfills her obligation to determine the plaintiff's occupational base by consulting a VE regarding whether a person with plaintiff's profile could perform substantial gainful work in the economy. *See id.* at 870–71 (citing SSR 83–12).

The ALJ properly relied on the testimony of the VE to determine that light level jobs exist in the national economy that an individual with plaintiff's age, education, work experience, and

RFC could perform.  *See e.g., Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (VE's testimony constitutes substantial evidence).  The VE testified that plaintiff could perform the jobs of information clerk (light, unskilled), and hand packager (light, unskilled), which respectively represented 500,000 and 480,000 jobs in the national economy, and 1,200 and 2,000 jobs in Nevada.  (AR 33, 66.)  Because the VE testified that plaintiff could perform one of 980,000 in the national economy and 3,200 jobs in Nevada, substantial evidence supports the ALJ's finding that plaintiff is "not disabled."  *See Thomas*, 278 F.3d at 960-61 (citing *Moncada v. Chater,* 60 F.3d 521, 524 (9th Cir. 1995) (finding 2,300 jobs in the county and 64,000 nationwide to be sufficient); *Barker v. Sec'y of Health & Human Servs.,* 882 F.2d 1474, 1478–79 (9th Cir. 1989) (citing with approval decisions finding several hundred jobs "significant" for purposes of determining a claimant's residual functional capacity)).

## IV.    CONCLUSION

The ALJ did not err in her step five analysis, as her finding that plaintiff remained able to perform other work in the national economy was supported by substantial evidence in the record. Accordingly, the court recommends that plaintiff's motion for remand (ECF No. 13) be denied and that defendant's cross-motion to affirm (ECF No. 14) be granted.

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for remand or reversal (ECF No. 13) be **DENIED** and defendant's cross-motion to affirm (ECF No. 14) be **GRANTED**;

IT IS FURTHER RECOMMENDED that the Clerk ENTER JUDGMENT and close this case.

DATED: May 17, 2017.

UNITED STATES MAGISTRATE JUDGE